COMMONWEALTH *vs.* HAMILTON MANUFACTURING COMPANY.

Middlesex.  Jan. 11. — May 6, 1876.  COLT & ENDICOTT, JJ., absent.

The St. of 1874, c. 221, prohibiting the employment of all persons under the age of eighteen, and of all women, in laboring in any manufacturing establishment, more than sixty hours per week, violates no contract of the Commonwealth implied in the granting of a charter to a manufacturing company.

The St. of 1874, c. 221, prohibiting the employment of all persons under the age of eighteen, and of all women, in laboring in any manufacturing establishment, more than sixty hours per week, violates no right reserved under the Constitution to any individual citizen, and may be maintained as a health or police regulation.

A law, which merely prohibits a woman's being employed in any manufacturing establishment more than a certain number of hours per day or week, does not violate her right to labor as many hours per day or week as she may see fit, and is within the power of the Legislature to enact.

COMPLAINT under the St. of 1874, c. 221, to the Police Court of Lowell against a cotton and woollen manufacturing company, for employing an unmarried woman named Mary Shirley, who was over twenty-one years of age, to work in the defendant's manufacturing establishment in the manufacture of cotton goods for sixty-four hours per week.  The defendant demurred to the complaint upon the following grounds: "1. That the St. of 1874, c. 221, is unconstitutional and void.  2. That the defendant, having been incorporated under a charter prior to the passage of the statute under which the complaint was made, the statute was, as applied to the defendant, in violation of the obligation of the Commonwealth to the defendant assumed in the charter, and was therefore void and of no force and effect against the defendant."  The demurrer was overruled; the defendant was found guilty; and appealed to the Superior Court, where the demurrer was overruled and the judgment of the Police Court affirmed; and the defendant appealed to this court.

*C. B. Goodrich & F. T. Greenhalge,* for the defendant.

*C. R. Train,* Attorney General, *& W. C. Loring,* Assistant Attorney General, for the Commonwealth.

LORD, J.  The defendant contends that the St. of 1874, c. 221, under which the complaint in this case is made, is unconstitutional and void.  The provision, which it is alleged is without authority under the Constitution, is, that " no minor under

the age of eighteen years, and no woman over that age, shall be employed in laboring by any person, firm or corporation in any manufacturing establishment in this Commonwealth more than ten hours in any one day," except in certain cases, and that "in no case shall the hours of labor exceed sixty per week."

The learned counsel for the defendant in his argument did not refer to any particular clause of the Constitution to which this provision is repugnant. His general proposition was, that the defendant's act of incorporation, st. 1824, c. 44, is a contract with the Commonwealth, and that this act impairs that contract. The contract, it is claimed, is an implied one; that is, an act of incorporation to manufacture cotton and woollen goods by necessary implication confers upon the corporation the legal capacity to contract for all the labor needful for this work. If this is conceded to the fullest extent, it is only a contract with the corporation that it may contract for all lawful labor. There is no contract implied that such labor as was then forbidden by law might be employed by the defendant; or that the General Court would not perform its constitutional duty of making such wholesome laws thereafter as the public welfare should demand. The law, therefore, violates no contract with the defendant; and the only other question is, whether it is in violation of any right reserved under the Constitution to the individual citizen. Upon this question, there seems to be no room for debate. It does not forbid any person, firm or corporation from employing as many persons or as much labor as such person, firm or corporation may desire; nor does it forbid any person to work as many hours a day or a week as he chooses. It merely provides that in an employment, which the Legislature has evidently deemed to some extent dangerous to health, no person shall be engaged in labor more than ten hours a day or sixty hours a week. There can be no doubt that such legislation may be maintained either as a health or police regulation, if it were necessary to resort to either of those sources for power. This principle has been so frequently recognized in this Commonwealth that reference to the decisions is unnecessary.

It is also said that the law violates the right of Mary Shirley to labor in accordance with her own judgment as to the number of hours she shall work. The obvious and conclusive reply to

this is, that the law does not limit her right to labor as many hours per day or per week as she may desire; it does not in terms forbid her laboring in any particular business or occupation as many hours per day or per week, as she may desire; it merely prohibits her being employed continuously in the same service more than a certain number of hours per day or week, which is so clearly within the power of the Legislature, that it becomes unnecessary to inquire whether it is a matter of griev-ance of which this defendant has the right to complain.

*Judgment affirmed.*