GEORGE W. CHANDLER & another *vs.* CITY OF LAWRENCE.

Essex. Nov. 6, 1879. — Jan. 21, 1880. COLT & AMES, JJ., absent.

If an ordinance of a city creating a certain office provides that the incumbent may be removed at the pleasure of the city council, the subsequent repeal of the ordinance by the city council, and notice to the incumbent of such repeal, operate as a removal from the office.

An ordinance of a city, by whose charter all powers vested in the mayor and aldermen and common council jointly are "to be exercised by concurrent vote, each board to have a negative upon the other," the passage of which is shown, as to the board of mayor and aldermen, by the certificate of the mayor, being the chairman of that board, and, as to the common council, by the certificate of its president, is not invalidated by a departure from a provision of the joint rules and orders of the city council, directing that every ordinance shall be passed first in the common council.

CONTRACT by the assignees in bankruptcy of the estate of Baldwin Coolidge to recover the salary due him as city engineer of the defendant, from July 21, 1875, to January 1, 1877. Answer, a general denial. Trial in the Superior Court, without a jury, before *Pitman*, J., who reported the case for the consideration of this court, in substance as follows:

In December 1873, an ordinance was passed by the city council of the defendant, creating the office of city engineer, section one of which was as follows: "There shall be chosen in the month of January in the year eighteen hundred and seventy-four, and in every third year thereafter, a city engineer, who shall hold his office for three years from the first Monday in January, in the year in which he shall be chosen, and until his successor is elected and qualified, or he is removed. He may be removed at the pleasure of the city council. He shall receive such compensation as the city council shall from time to time determine." In January 1874, Coolidge was elected to that office, and the

city council established the salary at $2000 a year. He accepted the office, was qualified, and discharged the duties of the office until July 1875, when, in consequence of an ordinance purporting to repeal all ordinances relating to or establishing the office of city engineer, he was notified to leave the office, which he did under protest. This ordinance bore the following indications of its passage: "In board of aldermen, July 14, 1875. Passed to be ordained. Robert H. Tewksbury, Mayor." "In common council, July 20, 1875. Passed to be ordained. John L. Brewster, President."

Article 13 of the joint rules and orders of the city council of the defendant is as follows: "Every ordinance shall have as many readings in each board as the rules of each board require, after which the question shall be on passing the same to be enrolled, and it shall be sent to the other board for concurrence: and when such ordinance shall have passed to be enrolled in each board, the same shall be enrolled by the city clerk, or the clerk of the common council, and examined by a committee of the common council, and on being found by the committee to be correctly enrolled, the same shall be reported to the council, when the question shall be on passing the same to be ordained; and when said ordinance shall have so passed to be ordained, it shall be signed by the president of the common council, and sent to the other board, where a like examination shall be made by a committee of that board, and, if found to be correctly enrolled, the same shall be reported to the board, and the question shall be on passing the same to be ordained, and when the same shall have passed to be ordained, it shall be signed by the mayor."

Coolidge held himself ready to perform the duties of the office for the full term of three years, but the city treasurer, under direction of the mayor, refused to pay the salary after the passage of the repealing ordinance in July 1875, but he was paid until that date.

Upon these facts, the judge ruled that the plaintiffs were not entitled to recover, and found for the defendant. If the ruling was correct, judgment was to be entered for the defendant; otherwise, a new trial was to be ordered.

*A. C. Stone & C. U. Bell*, for the plaintiffs.

*E. T. Burley*, for the defendant.

GRAY, C. J. The ordinance by which the engineer's office was created expressly reserved to the city council the power to remove him at pleasure. The repeal of that ordinance by the city council, and notice to him of such repeal, operated as a removal. *Brackett* v. *Blake*, 7 Met. 335, 339. *Knowles* v. *Boston*, 12 Gray, 339.

By the city charter of Lawrence all powers vested in the mayor and aldermen and common council jointly are " to be exercised by concurrent vote, each board to have a negative upon the other; " the mayor presides in the board of aldermen, but his separate approval of an ordinance is not required, nor has he any veto power, as under the amended city charter of Boston. Sts. 1853, *c.* 70, §§ 6–8; 1854, *c.* 448, §§ 35, 47.

The passage of the repealing ordinance to be ordained by each branch of the city council is shown, as to the board of mayor and aldermen, by the certificate of the mayor, being the chairman of that board, and, as to the common council, by the certificate of its president. The departure from the provision of the joint rules and orders, which directs that every ordinance shall be passed first in the common council, does not affect its validity. *Bennett* v. *New Bedford*, 110 Mass. 433. *Holt* v. *City Council of Somerville*, 127 Mass. 408. *Judgment affirmed.*

