COMMONWEALTH *vs.* OSBORN MILL.

Bristol.   Oct. 26. — Nov. 8, 1880.   AMES & ENDICOTT, JJ., absent.

The St. of 1874, *c.* 221, as amended by the St. of 1880, *c.* 194, regulating the hours of labor of minors and women "employed in laboring" in a manufacturing establishment, applies only to such persons as are permanently therein employed; and a complaint, which alleges that a manufacturing corporation employed a certain woman, without having posted a printed notice in a conspicuous place in the room where she was employed, stating the number of hours' work required of such persons on each day of the week, is insufficient.

COMPLAINT to the justice of the district court in Fall River, alleging that "the Osborn Mill, a manufacturing company, a corporation duly and legally established, organized and existing as a corporation under and by virtue of the laws of the Commonwealth in said Fall River, in the county of Bristol, did on the twentieth day of July in the year of our Lord eighteen hundred and eighty, at Fall River aforesaid, in the county aforesaid, employ one Julia Hurley, a woman, in said manufacturing company, without having posted a printed notice in a conspicuous place in the room where the said Julia Hurley was employed, to wit, the cloth room, stating the number of hours' work required of such persons on each day of the week, as required by chapter two hundred and twenty-one of the acts of the year eighteen hundred and seventy-four and amendments thereto,* and against the peace of said Commonwealth, and the form of the statute in such cases made and provided."

The defendant moved to quash the complaint for the following reasons: "1. It does not set out any offence known to the laws of this Commonwealth; employing a woman or minor

---

* Section 1 of the St. of 1874, *c.* 221, is as follows: "No minor under the age of eighteen years, and no woman over that age, shall be employed in laboring by any person, firm or corporation in any manufacturing establishment in this Commonwealth more than ten hours in any one day, except when it is necessary to make repairs to prevent the stoppage or interruption of the ordinary running of the machinery: provided, however, that a different apportionment of the hours of labor may be made for the sole purpose of giving a shorter day's work for one day of the week; but in no case shall the hours of labor exceed sixty per week."

The St. of 1880, *c.* 194, § 1, amends this section by adding thereto the following: "And any person, firm or corporation employing minors under

without posting a notice not being a penal offence under the laws of this Commonwealth. 2. It does not aver that Julia Hurley was employed in laboring in a manufacturing establishment belonging to the defendant, or that said defendant was a manufacturing establishment." This motion was overruled. The defendant was then tried and found guilty, and appealed to the Superior Court. In that court the motion was seasonably renewed, and was overruled by *Bacon*, J., who, after a verdict of guilty, being of opinion that the questions of law arising in the case were so important and doubtful as to require the decision of this court, reported the case for its determination.

*J. M. Morton, Jr. & A. J. Jennings*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

MORTON, J. This complaint does not set out any offence with the certainty required in criminal pleadings.

The object of the statute is to protect the rights, and regulate the hours of labor, of those permanently employed in laboring in manufacturing establishments as workmen, or hands, as they are popularly called. The complaint does not allege that Julia Hurley was employed in laboring in a manufacturing establishment belonging to the defendant. It merely alleges that she was employed in the cloth room of the defendant, a manufacturing company. Every allegation of the complaint would be fully met by proof that the defendant on the day named employed her to sweep the cloth room, or to perform any other occasional and temporary service. Such proof would not make a case within the spirit or letter of the statute.

If any complaint can be maintained against the defendant for its failure to post the notice required by the St. of 1880, *c.* 194,

---

the age of eighteen years, or women in any manufacturing establishment, shall post a printed notice in a conspicuous place in every room where such help is employed, which notice shall state the number of hours' work required of such persons on each day of the week; and the employment of any such persons for a longer time in any one day than the time stated in such notice shall be deemed a violation of this act, unless it shall appear that such employment on such day was in compensation for and to make up for time lost in consequence of the stopping of machinery upon which such persons were employed, or dependent upon the same for employment, on some previous day of the week of which such day formed a part."

without proof that it has employed in laboring minors or women more than ten hours a day or sixty hours a week, which we do not decide, yet this complaint is fatally defective in failing to allege that the said Julia Hurley was employed in laboring within the meaning of the statute. *Complaint quashed.*