COMMONWEALTH *vs.* BOSTON, BARRE, AND GARDNER RAIL-
ROAD COMPANY.

Worcester.    October 2. — 20, 1883.    FIELD & W. ALLEN, JJ., absent.

The Pub. Sts. *c.* 112, § 169, prescribing a penalty for the obstruction by a railroad,
and occupation with cars for more than five minutes at one time, of a highway,
town way, or "street," do not apply to such obstruction and occupation of a
private way.

COMPLAINT, on the Pub. Sts. *c.* 112, § 169, for obstructing
and occupying with cars, for more than five minutes at one time,
on December 2, 1882, a certain street in Worcester, called Cres-
cent Street.    At the trial in the Superior Court, *Pitman*, J.,
directed the jury to return a verdict of guilty; and the defend-
ant alleged exceptions, which appear in the opinion.

*R. Hoar*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

COLBURN, J.    The important question to be determined in
this case is the meaning of the word " street " in the Pub. Sts.
*c.* 112, § 169, which prohibits a railroad corporation from negli-
gently obstructing or unnecessarily occupying " a highway, town
way, or street."

The determination of this question may be aided by ascertain-
ing the sense in which the Legislature has used the word in
other statutes.

As early as 1667, a committee was appointed by the General
Court, " to bring in an effectual order for keeping in good repair
all streets and highways, for the safety and comfort of travellers
and passengers."    4 Mass. Col. Rec. pt. ii. 350.

In the Prov. St. of 1692–3 (5 W. & M.) *c.* 13, § 2; 1 Prov.
Laws (State ed.) 42; the justices of the peace and selectmen of
Boston are authorized " to state and lay out such streets, ways
and passages as may be most for the conveniency and accommo-
dation of the place."    The Prov. St. of 1698 (11 W. III.) *c.* 2;
1 Prov. Laws (State ed.) 311; is a statute to prevent encroach-
ments " upon the common roads, highways, and streets hereto-
fore laid out in several towns within this Province."

The Pub. Sts. *c.* 14, § 123, provide that certain troops shall
have the right of way in any " street or highway through which

they may pass." Chapter 27, § 15, provides that towns may make by laws requiring certain duties of owners of buildings near the lines of "streets and public ways." Chapter 50, § 3, provides that damages for laying out sewers shall be ascertained in a city as in the laying out of "highways or streets" therein, and in towns as in laying out town ways; section 12 imposes a penalty upon whoever digs up the ground in "a highway, street, or lane," in a town, for laying a common sewer, without the consent of the selectmen; section 20 authorizes the mayor and aldermen, or selectmen, to establish and grade sidewalks "in such streets" as in their judgment the public convenience may require. Chapter 51, § 1, provides for the assessment of betterments after "a street, highway, or other way" is laid out in a city or town. Chapter 52, § 1, requires that "highways, town ways, streets, causeways, and bridges" shall be kept in repair by the town, city, or place in which they are situated. Chapter 53, §§ 10–13, authorizes a city or town to make by-laws regulating the use of the "streets or ways," the "public streets, ways, causeways, and bridges," the "public streets or highways," and the "streets or ways for public travel" therein. Chapter 54, § 1, provides when buildings or fences fronting upon a training-field, burying-place, common landing-place, "highway, private way, street, lane, or alley" shall be deemed the true boundaries, and when they may be presented by a grand jury as a nuisance. Section 10 prohibits the cutting down of a shade tree in a "highway, town way, or street" without notice. Chapter 106, § 75, authorizes gas-light companies under certain conditions to dig up the ground in any of the "streets, lanes, and highways" of a city or town. Chapter 113, § 31, authorizes cities and towns to take up "streets or highways" traversed by street railways.

We have cited a sufficient number of instances to show that the word "street" is commonly used in the statutes to designate a public way, — either a highway or town way, or a way which has become public by dedication or prescription. The statute in question is a penal statute, and is to be construed strictly. We see no reason to suppose that the Legislature meant to use the word "street" in this statute in any different sense from that in which it has obviously used it in the instances we have cited. It can hardly be supposed that it was

intended to include mere private ways, in which the public has no rights except by permission of the owner, and which he may close up at any time.

We see nothing in the exceptions which necessarily leads to the conclusion that Crescent Street is more than a private way. At most, it could not be held, as matter of law, under the facts, to be a public way. Under our construction of the statute, unless it was a public way, the defendant was not guilty.

<em>Exceptions sustained.</em>