## COMMONWEALTH *vs.* PATRICK J. MURRAY.

Suffolk.   Jan. 28. — Feb. 26, 1887.   C. ALLEN & HOLMES, JJ., absent.

Under the Pub. Sts. *c.* 154, § 50, the Municipal Court of the city of Boston has jurisdiction of a complaint for keeping intoxicating liquors with intent to sell the same unlawfully.

W. ALLEN, J.   The defendant was convicted in the Municipal Court of the city of Boston on a complaint for keeping intoxicating liquors with intent to sell the same unlawfully. On appeal, he was convicted in the Superior Court, and filed a motion in arrest of judgment, for the reason that the Municipal Court had not final jurisdiction of the offence.

The Pub. Sts. *c.* 154, § 50, provide that the original criminal jurisdiction of the Municipal Court of the city of Boston "shall include all crimes under the degree of felony, except conspiracies and libels and cases where a prosecution by indictment or information is required by law."

The offence of which the defendant was convicted is punishable with a fine of not less than $50 nor more than $500, or by imprisonment for not less than one nor more than six months. Pub. Sts. *c.* 100, § 18.   As it is under the degree of felony, the Municipal Court of the city of Boston has jurisdiction of it, unless a prosecution by indictment or information is required by law.   It is argued in behalf of the defendant, that the Pub. Sts. *c.* 217, §§ 1, 2, require a prosecution by indictment.   Those sections contain provisions, in substance, that all fines or forfeitures recovered in criminal prosecutions or exacted as a punishment for any offence, or for a violation or neglect of any duty imposed by statute, or expressly appropriated to the use of the Commonwealth or of a county, city, or town, may, unless otherwise especially provided by law, be prosecuted for by indictment, or, if the amount does not exceed $100, by complaint in a municipal court; or the same may be recovered in an action of tort.   The argument is, that the case is not specially provided for by the general jurisdiction given to the Municipal Court; and that, therefore, the fine may be recovered by indictment, or by an

action of tort, and cannot be imposed as a punishment, on complaint, by the Municipal Court. It is enough to say that jurisdiction given to a court to punish for a crime by fine or imprisonment does specially provide by law for the prosecution of the offence, and the statute referred to does not even give a concurrent remedy to recover the fine by indictment or action of tort.                     *Exceptions overruled.*

*J. L. Eldridge,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.