COMMONWEALTH *vs.* CHARLES L. PRESCOTT & others.

Norfolk.     January 27, 1890. — February 25, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Fish — Unlawful Taking — Jurisdiction of District Court.*

A complaint on the Pub. Sts. c. 91, § 58, charging that the defendant did " unlawfully take one thousand smelts in another manner than by artificially or naturally baited hand hook and line, to wit, by means of a seine and net," is sufficient.

The offence of taking smelts except with hook and line, which is punishable by a fine under the Pub. Sts. c. 91, § 58, may, under the St. of 1885, c. 322, be prosecuted by a complaint to a district court.

COMPLAINT on the Pub. Sts., c. 91, § 58, to the District Court of East Norfolk, alleging that the defendants, on January 18, 1889, at Braintree, " did then and there unlawfully take one

thousand smelts in another manner than by artificially or natu-
rally baited hand hook and line, to wit, by means of a seine and
net, against the peace of said Commonwealth, and contrary to
the form of the statute in such case made and provided."

At the trial in the Superior Court, on appeal, before *Pitman*,
J., the defendants before the jury were impanelled renewed a mo-
tion to quash, made and overruled in the District Court, on the
following grounds: "Because it does not set forth any offence ;
because it does not sufficiently describe the act of defendants;
and because said complaint is uncertain and insufficient as to
acts and means, and does not charge any offence within the
meaning of the statute."

The judge overruled the motion; the defendants were then
tried and found guilty, and thereupon alleged exceptions.

*J. L. Eldridge*, for the defendants.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second
Assistant Attorney General, for the Commonwealth.

DEVENS, J.   The defendants filed in the District Court a mo-
tion to quash the complaint, upon the ground that it did not set
forth any offence, that it did not sufficiently describe the act of the
defendants, and that it was uncertain and insufficient as to the
acts and means by which the offence was committed.   This mo-
tion was renewed by them in the Superior Court.  The complaint
was for a violation of the Pub. Sts. c. 91, § 58,* and follows sub-
stantially the words of the statute.   Where an offence is created
by statute, it is as a general rule sufficient to charge the offence in
the words of the statute, and in the case at bar these words are
carefully followed in the complaint.   *Commonwealth* v. *Barrett*,
108 Mass. 302.  *Commonwealth* v. *Ashton*, 125 Mass. 384.   There
is an exception where these words may by their generality em-
brace cases falling within its literal terms, which are not within
its meaning or spirit, and where such facts must be alleged as will
bring the charge within the meaning and intent of the Legis-

---

* This section is as follows:  " Whoever takes a smelt in any other man-
ner than by artificially or naturally baited hook and hand-line shall forfeit
one dollar for each smelt so taken ; and in all prosecutions under this sec-
tion the burden of proof shall be upon the defendant to show that such smelt
or smelts taken by him, the catching of which is complained of, were 'legally
caught."

lature. *Commonwealth* v. *Barrett*, 108 Mass. 302, 303, and cases cited. This exception can have no application to the complaint in the case at bar. The prohibition against taking smelts in any other manner than by " artificially or naturally baited hook and hand-line " is absolute. The complaint not only charges the act of taking them otherwise to have been done unlawfully by the defendants, but sets forth the means by which they did it, viz. " by means of a seine and net," which is certainly another manner than that permitted by the statute.

The defendants further contend that the District Court had no jurisdiction of the offence, and that they could only have been proceeded against by indictment. The Pub. Sts. c. 217, § 2, provide that all fines and forfeitures recovered in criminal prosecutions or exacted as a punishment for any offence, etc., " may, unless otherwise especially provided by law, be prosecuted for and recovered by indictment in the Superior Court, or when the amount or value thereof does not exceed one hundred dollars by complaint before a police, district, or municipal court," etc. The defendants therefore urge, that, as the Public Statutes make no other especial provision therefor, they could only be prosecuted for a forfeiture to the amount alleged in the complaint by an indictment in the Superior Court. The St. of 1885, c. 322, largely extended the jurisdiction of district and police courts by enacting that " the original jurisdiction of all district and police courts, in addition to the jurisdiction otherwise conferred, shall include all crimes under the degree of felony, except conspiracies and libels, and cases where a prosecution by indictment or information is required by law."

Jurisdiction to punish for a crime by fine or imprisonment, when conferred upon the district courts, is a special provision by law for the prosecution of the offence ; and it is only when no such provision is made, that there can be a recovery of the fine by indictment. There is no general provision of law requiring a prosecution by indictment or information of an offence punishable by a fine, and the case at bar does not therefore come within the exception of the St. of 1885. Upon this contention of the defendants, the case of *Commonwealth* v. *Murray*, 144 Mass. 170, is quite decisive. The Pub. Sts. c. 154, § 50, gave to the Municipal Court of the city of Boston jurisdiction of " all

crimes under the degree of felony, except . . . where a prose-
cution by indictment or information is required by law," in sub-
stantially the same terms by which a similar jurisdiction has
now been conferred upon district and police courts by the stat-
ute of 1885. It was held in that case, that, under the Pub. Sts.
c. 217, §§ 1, 2, a prosecution by indictment was not required
by law of the offence of keeping intoxicating liquors with in-
tent to sell unlawfully, and that the Municipal Court of the
city of Boston had jurisdiction of an offence under the degree
of felony, where the punishment might be a fine of $500 or
imprisonment for six months.          *Exceptions overruled.*