COMMONWEALTH vs. NEW YORK CENTRAL AND HUDSON
RIVER RAILROAD COMPANY.

Middlesex.     March 7, 1910.— October 18, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY,
SHELDON, & RUGG, JJ.

*Railroad,* Obstructing highway.   *Way,* Public, obstruction by railroad corporation.
*Misdemeanor.   Statute,* Construction.   *Nuisance.   Practice, Criminal,* Pro-
ceedings against corporation, Appeal.   *Corporation,* Liability for misdemeanor.
*Police, District and Municipal Courts.   Words,* "Persons," "Complaint,"
"May," "Trial justices," "Courts of the Commonwealth."

The offense created by St. 1906, c. 463, Part II. § 155, which prohibits the obstruc-
tion of a highway with cars or engines for more than five minutes at one time,
being punishable only by a forfeiture of $100, is a misdemeanor.

The rule, that, in considering verbal changes made in the codification of existing
statutes, the Legislature will not be presumed to have intended to alter the law
unless their language plainly requires that conclusion, does not prevent such a
conclusion being reached when it manifestly is required by the altered language
of the statute.

Under R. L. c. 215, § 1, all criminal offenses which are not felonies are misdemean-
ors, and there is no third class consisting of nuisances.

The order adopted by the joint special committee of the Legislature, to whom the
revision of the statutes resulting in the Revised Laws was referred, that "no
proposition attempting a substantial change or modification of existing law shall
be entertained without a concurrent vote of four fifths of the members of each
branch," was merely a rule adopted by the Legislature for their own guidance,
and the validity of the statutes as finally adopted in no way depends upon the
question whether the rule was or was not complied with.   Although the exist-
ence of such a rule is a circumstance to be considered in determining whether a
change has been made in the law by a statute as finally passed, the argument
derived from it as to the intention of the Legislature not to change the law cannot
prevail against the plain meaning of the words used in the statute.

Even if at common law all criminal prosecutions against corporations were required
to be by indictment, which here was doubted, there is no question that under
our statutes inferior courts in which the procedure is by complaint have juris-
diction alike over individuals and corporations within the limits established by
the laws.

Although many of the provisions of the statutes in regard to procedure in criminal
prosecutions in the lower courts are applicable only to the cases of natural per-
sons, yet there can be no question that a summons served upon the proper officers
of a corporation is the correct process for bringing the corporation into court
upon a complaint as well as upon an indictment.

The prosecution of a railroad corporation upon a complaint under St. 1906, c. 463,
Part II. § 155, for obstructing a highway with cars for more than five minutes
at one time, is within the jurisdiction of a district court.

Under R. L. c. 219, § 22, and St. 1905, c. 319, the giving of a recognizance by a per-

son who is convicted of a crime before a district court is not made a condition of the right to appeal to the Superior Court or of the allowance of such an appeal.

COMPLAINT received and sworn to in the Third District Court of Eastern Middlesex on October 29, 1909, under St. 1906, c. 463, Part II. § 155, against the New York Central and Hudson River Railroad Company, for obstructing Cambridge Street in Cambridge with cars for more than five minutes at one time on the day of the complaint.

In the district court the defendant appeared specially, and filed a motion to quash the complaint on the ground that the court had no jurisdiction either of the offense or of the defendant. This motion was denied. The defendant was convicted, and took an appeal to the Superior Court without giving a bond.

In the Superior Court the case was tried before *Bond*, J. The defendant renewed its motion to quash and also filed a motion to dismiss the complaint. The judge denied both motions, and the defendant excepted.

At the trial in the Superior Court it was admitted that the cars of the defendant obstructed Cambridge Street on the day alleged in the complaint for more than five minutes at one time. The judge ruled that the case was properly in the Superior Court on the appeal from the Third District Court of Eastern Middlesex, and that upon the evidence the jury were warranted in finding the defendant guilty under the complaint.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was argued at the bar in March, 1910, before *Knowlton*, C. J., *Morton, Loring, Braley,* & *Rugg*, JJ., and afterwards was submitted on briefs to all the justices.

*G. H. Fernald, Jr.*, for the defendant.

*J. J. Higgins*, District Attorney, for the Commonwealth.

SHELDON, J. 1. We have no doubt that the district court in which the complaint was made had jurisdiction over the offense charged against the defendant. Its jurisdiction included all misdemeanors committed within its district, except criminal libels and conspiracies. R. L. c. 160, § 24. *Brown's case*, 152 Mass. 1. *Commonwealth* v. *Prescott*, 151 Mass. 60. *Commonwealth* v. *Murray*, 144 Mass. 170. *Commonwealth* v. *Smith*, 138

Mass. 489.   *Commonwealth* v. *Carr*, 11 Gray, 463.   And the
offense here charged, a violation of the provisions of St. 1906,
c. 463, Part II. § 155, being punishable merely by a forfeiture
of $100, is a misdemeanor.   R. L. c. 215, § 1.   The defendant's
contention that the language of R. L. c. 160, § 24, above re-
ferred to, is not to be construed as having any greater effect
than would be given to the original statute therein codified can-
not avail it.   That act, St. 1893, c. 396, § 34, gave to district
and police courts jurisdiction of "all crimes and offenses under
the degree of felony committed within their respective counties,
except conspiracies and libels and cases where a prosecution
by indictment or information is required by law."   The cases
already referred to show that even under the words of the earlier
statute the district court had jurisdiction of the offense, and
could prosecute therefor any individual assignee or receiver of a
railroad corporation, whether or not it possessed or could acquire
jurisdiction over a corporation.   Moreover, while it is true that
verbal changes in the codification of existing statutes will not
affect their construction and that the Legislature will not be
presumed to have intended to alter the law unless their language
plainly requires that conclusion, yet it is also true that such a
construction will be adopted when manifestly required by the
altered language of the statute.   *Great Barrington* v. *Gibbons*,
199 Mass. 527, 529, and cases cited.   Other cases are collected
in *Savage* v. *Shaw*, 195 Mass. 571, 573.   Where, as here, the
language of the Revised Laws "is distinct, clear, and admits of
but one possible interpretation, it must be followed, although it
assumes the law to have been as we should not have held it, and
although we are not able to ascertain from the reports of the
Legislature, its committees, or otherwise, that there was any in-
tention to amend or change it."   *Pratt* v. *Street Commissioners
of Boston*, 139 Mass. 559, 563.   *Bent* v. *Hubbardston*, 138 Mass.
99.   "The question is not what were the intention and meaning
of the commissioners, as to the provision in question, but what
was the intention of the Legislature; and this must be deter-
mined by the language of the statute."   *Baker* v. *Atlas Bank*,
9 Met. 182, 197.   *Holbrook* v. *Bliss*, 9 Allen, 69, 76.   Both
branches of this rule are stated by Hammond, J., in *Franks* v.
*Edinberg*, 185 Mass. 49, 53.   And see *Bate Refrigerating Co.* v.

*Sulzberger*, 157 U. S. 1, 39; *United States* v. *Bowen*, 100 U. S. 508, 513.

There is no ground for the contention that all criminal offenses in this Commonwealth are not included in the two classes of felonies and misdemeanors, or that there must be a third class, to consist of nuisances, either statutory or at common law.

Our attention has been called to the fact that the commissioners on revision did not in their report suggest any change in this statute as it existed before 1901, and that the joint special committee of the Legislature which put the statute into its present form not only manifested no intention to change the existing law, but had adopted an order that " no proposition attempting a substantial change or modification of existing law" should be entertained without " a concurrent vote of four fifths of the members of each branch." Journal of the Committee, p. iv. This circumstance is of weight in construing the statute as finally passed; but it cannot override the plain meaning of the words afterwards used. This order was merely a rule adopted by the Legislature for its own guidance; and the validity of the statutes as finally adopted in no way depends upon the question whether that rule was or was not complied with. *Sinclair* v. *Fall River*, 198 Mass. 248, 256. *Wheelock* v. *Lowell*, 196 Mass. 220, 230. *Chandler* v. *Lawrence*, 128 Mass. 213. *Holt* v. *Somerville*, 127 Mass. 408, 411.

We have discussed this question at greater length than was perhaps necessary by reason of the very able and ingenious argument of the defendant's counsel; but we entertain no doubt of the result.

2. It is earnestly contended that the district court had no jurisdiction over this defendant; that by the common law the only mode of criminal procedure against a corporation was by indictment, which with us can be found only in the Superior Court; and that the rule never has been changed by statute in this Commonwealth. It is contended that no such change has been made by R. L. c. 220, §§ 35, 36, which provide that " if a corporation, after being duly served with process, fails to appear and answer to an indictment or complaint which is brought against it under the laws of this Commonwealth, its default shall be recorded, the charges in the indictment or complaint

taken to be true, and judgment shall be rendered accordingly," and that "if judgment is rendered against a corporation upon an indictment or complaint under the laws of this Commonwealth, the court may issue a warrant of distress to compel the payment of the penalty prescribed by law, with interest." It is argued that these sections made no change in the former statutes (Pub. Sts. c. 215, §§ 30, 31), which referred merely to indictments against corporations without any mention of complaints, both because neither the commissioners on revision nor the joint special committee of the Legislature which added the word "complaints" manifested any intention to change the law, and because no method of procedure against corporations by complaint in the district, municipal or police courts was provided, as it is contended would have been done if the Legislature had intended to establish such a procedure. And it has been argued that just as no statute has been passed expressly giving to these inferior courts jurisdiction over corporations, so the whole method prescribed by statute for criminal proceedings in these courts, for the service of process and the committal or holding to bail of defendants, for the binding over for trial in the Superior Court, as the inferior courts have a discretionary power to do in all criminal cases in which guilt has been shown ; R. L. c. 160, § 34 ; and for the taking of appeals from their judgments to the Superior Court, which all convicted defendants have the right to do, — is inapplicable to the case of a corporation and cannot be applied thereto without a violation of some of the terms of the statutes. These arguments have received a careful consideration.

In our opinion it cannot be maintained that the only way of instituting criminal proceedings against a corporation is by indictment. Looking first at the cases relied upon for the support of the defendant's contention as matter of authority, we do not find that any of them lay down such a proposition. *Rex* v. *Clifton*, 5 T. R. 498. *Rex* v. *Great Broughton*, 5 Burr. 2700. *Queen* v. *Birmingham & Gloucester Railway*, 3 Q. B. 223. *Queen* v. *Great North of England Railway*, 9 Q. B. 315. *State* v. *Morris & Essex Railroad*, 3 Zabr. 360. *Commonwealth* v. *Vermont & Massachusetts Railroad*, 4 Gray, 22, 24. In some of these cases a conviction upon an indictment against a corporation or the inhabitants of a parish was reversed; in others it was

sustained; but in none of them was it decided or delared that a corporation could be prosecuted criminally only by indictment. Nor, after a somewhat prolonged search, have we been able to find any such decision. Indeed, the trend of authority, especially in recent years, seems to us to be the other way. A corporation may be proceeded against for a criminal contempt of court, not only without indictment, but even without a formal complaint, upon the mere motion of the court against which the contempt has been committed. *Telegram Newspaper Co.* v. *Commonwealth*, 172 Mass. 294. See *Globe Newspaper Co.* v. *Commonwealth*, 188 Mass. 449. In *Hawke* v. *E. Hulton & Co.* [1909] 2 K. B. 93, while it was held that a corporation was not to be adjudged a rogue or vagabond and liable to punishment by imprisonment and whipping, it was yet plainly intimated by the court that it might be prosecuted upon information before a magistrate by way of summary process, a mode of procedure which we understand to be similar to our method of complaint before an inferior court for offenses within its limited jurisdiction. This was put upon the ground that the word "persons" would be taken to include corporations unless a contrary intent appears. See R. L. c. 8, § 5, cl. 16. So in *United States* v. *John Kelso Co.* 86 Fed. Rep. 304, the court sustained an information filed by the district attorney against a corporation for an alleged violation of the federal eight hour law, and held that a court having jurisdiction of a particular crime may, when that crime has been committed by a corporation, obtain jurisdiction of that corporation by any appropriate writ. This is also the basis, so far as this question is concerned, of *United States* v. *San Francisco Bridge Co.* 88 Fed. Rep. 891. The prosecution which was sustained in *People* v. *Woodbury Dermatological Institute*, 192 N. Y. 454, affirming *S. C.* 124 App. Div. (N. Y.) 877, was upon an information filed against a corporation. In California, under a county ordinance making it a misdemeanor for "any person, company or corporation having water to sell" to refuse to sell on certain conditions, it was held that, the offense itself being within the jurisdiction of an inferior court, the fact that it was committed by a corporation did not oust that court of its jurisdiction and give jurisdiction to the Superior Court. *People* v. *Palermo Land & Water Co.* 4 Cal. App. 717. This decision was made by

a court not of last resort; but it appears (p. 722) that a rehearing was refused by the Supreme Court.

Nor can it be said upon principle that criminal jurisdiction over corporations should be exercised only by superior courts upon indictments found by grand juries. There can be no public advantage in requiring every petty offense for which a corporation may be criminally liable to be prosecuted with the same formality and deliberation that justly may be appropriate in dealing with a charge of crime of real magnitude which may call for the imposition of a heavy penalty. Where corporations are as much within the mischief aimed at by a penal statute as individuals, both the prohibition of the statute and the method of its enforcement should be extended alike to each of them. *United States* v. *Union Supply Co*. 215 U. S. 50. If it were necessary to pass upon this question, the court would be much inclined to say that it is not required at common law that all criminal prosecutions against corporations should be by indictment.

But however this may be, we are of opinion that the course of legislation in this Commonwealth, even apart from the provisions of R. L. c. 220, §§ 35, 36, shows the intention of the Legislature that the inferior courts, within limits established by the laws, should have jurisdiction alike over individuals and corporations. The St. of 1886, c. 87, required certain corporations to pay wages weekly to their employees, and provided by §§ 2, 3, that any corporation violating that requirement should be punished by a fine "on each complaint" upon which it was convicted, provided that the complaint for such violation was made within thirty days from the date thereof. No express jurisdiction over corporations which should violate this act was given to the inferior courts, to be exercised upon complaint rather than upon indictment; but the whole language of the statute and the brief period of limitation provided make it evident that the Legislature contemplated prosecution by complaint before the inferior courts or magistrates. The requirement was extended to natural persons by St. 1895, c. 438. See also R. L. c. 106, § 62; St. 1909, c. 514, §§ 112, 113. The word "complaint" in these successive enactments must refer to complaints as distinguished from indictments, and sufficiently indicates the

legislative intent that for the protection of employees, who are often dependent for their daily support upon the prompt pay-. ment of their wages, prosecutions should be promptly instituted by public officers against both natural persons and corporations guilty of a violation of the duty created by the statute. And there is abundant authority for saying that the provision that these public officers "may" make such complaints embodies a requirement and imposes upon them the duty to do so. *Supervisors* v. *United States*, 4 Wall. 435, 446. *United States* v. *Cornell Steamboat Co.* 202 U. S. 184, 192. *Furbish* v. *County Commissioners*, 93 Maine, 117, 131. *Pierson* v. *People*, 204 Ill. 456, 461, 462. We ought not to say that after such a public officer, in compliance with the duty imposed upon him by the statute, has made such a complaint against a corporation, the prosecution must fail, on the ground that the corporation is exempt from the jurisdiction to which the Legislature manifestly intended to subject it.

Exactly the same reasoning applies to the statutes requiring the use of fans or blowers, for the protection of workers against emery dust and other unsanitary influences. Sts. 1903, c. 475, § 5; 1909, c. 514, §§ 86, 87. All of the prosecutions here contemplated are to be by "complaint to a court or a judge having jurisdiction," and not by application to a grand jury for indictment. We cannot think that by the use of language expressly made applicable to "any person, firm or corporation," and by the provision of one and the same remedy for any violation of the act, the Legislature intended that different remedies should be sought in different courts, according as the offender should be a natural or an artificial person. The provision of St. 1909, c. 514, § 65, that "police, district and municipal courts and trial justices shall have jurisdiction of offenses arising under the provisions of" §§ 61–64, would be shorn in practice of the greater part of its scope if it were limited to such offenses committed by natural persons only. And it must be remembered that these provisions are mainly a revision of previous acts and are not new enactments. The general provision in § 17 of the same chapter that "in all laws relative to the employment of labor ... [the word] ... 'person' shall mean an individual, corporation, partnership, company or association," is of itself

enough to forbid so narrow and forced a construction of the provisions we have referred to.

The inspection of steam boilers was provided for by St. 1907, c. 465, and § 28 gives to trial justices jurisdiction of complaints for violation of its provisions. Very many steam boilers are maintained by corporations; and if there should be violations of the statute it is probable that the offenders sometimes will be corporations. This court cannot read into the statute an exemption for all such offenses from the mode of prosecution provided by the statute. The same may be said of prosecutions under the statutes relating to theatres and public halls. Sts. 1906, c. 105; 1908, c. 335. Perhaps most, certainly many, of the theatres and public halls in this Commonwealth are owned and operated by corporations. These cannot be exempted from the jurisdiction over complaints for the violation of those laws expressly given by the statutes to police, district and municipal courts.

A complaint made in a police court against a corporation for a violation of the provisions of St. 1874, c. 221, by employing a woman in its manufactory for sixty-four hours in a week, was sustained in this court. *Commonwealth* v. *Hamilton Manuf. Co.* 120 Mass. 383. The point now made by the defendant was not taken in that case; but the effect of this fact will be considered later.

See further Sts. 1876, c. 227, § 1 ; 1902, c. 322 ; 1903, c. 122, § 7 ; R. L. c. 160, §§ 29–31.

The Legislature for many years has not only proceeded upon the assumption that district, municipal and police courts could receive and entertain complaints against corporations for offenses which were within their statutory jurisdiction, but has manifested a clear intention that this should continue to be so. The insertion of the words " or complaint " in R. L. c. 220, §§ 35, 36, was merely a further expression of this intent, and a supplying of further machinery for the purpose of effectuating that intent; we need not consider whether, for the reasons already stated in discussing the effect of R. L. c. 160, § 24, it would not be necessary to give full effect to the words so added, even if they did make a change in the law.

The history of the statute before us leads to the same con-

clusion. The first mention of the subject matter of this complaint in our statutes was in St. 1854, c. 378. This act, passed some years before our present complete system of district, municipal and police courts was established, and while the jurisdiction of the existing police courts was still confined within very narrow limits, provided that the penalty which it imposed should be recovered by "indictment in the Court of Common Pleas." Four years afterwards, by St. 1858, c. 45, § 1, jurisdiction was given to police courts of all offenses which were subject to " penalties of either a fine not exceeding one hundred dollars " or imprisonment for not more than one year. The commissioners for revision, in their report made in December, 1858, with a marginal reference to these two statutes, reported this provision exactly as it was enacted in Gen. Sts. c. 63, § 68, that is, without the provision that prosecution should be by indictment. Under the circumstances, this enactment was tantamount to a legislative declaration that the offense, which then could be committed only by corporations, although the prohibition has since been extended to their receivers and assignees, should be within the jurisdiction of the inferior courts. In the subsequent extensions and revisions of the statute, the expression of the legislative will has remained unaltered. The argument from these successive statutes is strengthened by the fact that in 1863, in the reported case of *Commonwealth* v. *Boston, Barre & Gardner Railroad,* 135 Mass. 550, jurisdiction had been taken by an inferior court of a complaint against a corporation for an alleged violation of this provision ; and, although the case was carried through all the courts, it was not suggested by any one that objection could be taken upon that ground. With this fact before it, the Legislature both extended and re-enacted the provision in substantially the same form, evidently intending to adopt the view which thus had been taken by the courts with the apparent acquiescence of all parties. See Sts. 1871, cc. 83, 316 ; 1874, c. 372, § 129; Pub. Sts. c. 112, § 169; St. 1895, c. 173; R. L. c. 111, § 196; St. 1906, c. 463, Part II. § 155. This fact, if it stood alone, would go far to settle both of the questions raised in the case at bar ; taken in connection with the other considerations to which we have adverted, it is decisive.

Other cases have come before this court in which complaints

instituted in the inferior courts against corporations have been considered. *Commonwealth* v. *Hamilton Manuf. Co.* 120 Mass. 383. *Commonwealth* v. *Osborn Mill,* 130 Mass. 33. *Commonwealth* v. *Boston, Barre, & Gardner Railroad,* 135 Mass. 550. *Commonwealth* v. *Interstate Consolidated Street Railway,* 187 Mass. 436. *Commonwealth* v. *Boston Advertising Co.* 188 Mass. 348. *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564. *Commonwealth* v. *New York Central & Hudson River Railroad,* 202 Mass. 394. It is believed that there have been many other cases in which final judgments of conviction have been rendered in the lower courts or on appeal in the Superior Court. The cases mentioned were earnestly defended by able and zealous counsel; but in none of them was the present contention set up: a fact of considerable significance. See as to this the language of Hammond, J., in *Commonwealth* v. *Tucker,* 189 Mass. 457, 495. In each of these cases, moreover, the questions raised were carefully considered by the court, and the defendants' exceptions were sustained in some and overruled in others of them. But if the present contention were well founded, none of these cases had any standing in court; for the court first resorted to would have had no jurisdiction, and the appellate courts could have acquired none. *Commonwealth* v. *Gately,* 203 Mass. 598. *Feeley's case,* 12 Cush. 598. It would have been the duty of this court upon its own motion to consider the point and to quash the proceedings instead of considering and determining the subordinate questions sought to be raised. *National Fertilizer Co.* v. *Fall River Five Cents Savings Bank,* 196 Mass. 458, 462. This was done in *Baldwin* v. *Wilbraham,* 140 Mass. 459, for lack of jurisdiction in the court in which the action was brought, without the point having been taken by the parties.

It is contended however that the method of prosecution prescribed for the lower courts is adapted and designed only for the cases of natural persons. Those courts are to proceed only upon a complaint, upon which ordinarily a warrant is to be issued and served by the arrest of the party charged, who must then be committed for trial, unless he shall give bail, if the charge is one for which bail can be taken. He must be brought personally before the court. If convicted, he has the right to appeal to the Superior Court, and must, if he exercises that right, either be

committed to jail to await his trial in that court, or enter into a recognizance or deposit a sum of money as security that he will prosecute his appeal. He may also be required to give security in the same way that he will keep the peace and be of good behavior. If the charge is not within the final jurisdiction of the inferior court, it must, if guilt appears to be shown, hold the defendant for the Superior Court, committing him to jail for that purpose, if he does not give security as already stated. Even where the inferior court has such jurisdiction, it may in the exercise of its own discretion hold him for the Superior Court, committing him to jail to abide the action of that court if he does not give security as already stated. R. L. c. 160, §§ 33, 34. Many of these provisions are wholly inapplicable to the case of a corporation; some of them were neither complied with nor attempted to be complied with in the case at bar. It is by no means impossible that perplexing questions may arise in the prosecution of corporations before the inferior courts in the present state of our legislation. But it is not for us to anticipate such questions or·to endeavor to deal with them in advance. The only question now properly raised is that of jurisdiction. We may refer to R. L. c. 166, § 1, which reads as follows: "The courts of the Commonwealth, the justices thereof and trial justices shall have and exercise all the powers which may be necessary for the performance of their duties. They may issue all writs, warrants and processes and make and award judgments, decrees, orders and injunctions which may be necessary or proper to carry into effect the powers granted to them, and, if no form for such writ or process is prescribed by statute, they shall frame one in conformity with the principles of law and the usual course of proceedings in the courts of this Commonwealth." The use of the words "trial justices" in this section makes it certain that the words "courts of the Commonwealth" were intended to include police, district and municipal courts.

It may be added that such difficulties as have been suggested, as they have not been found by courts elsewhere to be insuperable, hardly furnish sufficient ground to deny the existence of a jurisdiction which was intended by the Legislature to be given. "In *Rex* v. *Gardner*, 1 Cowp. 79, it was objected that a corpo-

ration could not be rated to the poor, because the remedy of imprisonment upon failure of distress was impossible; but the court considered the objection of no weight, though it might be that there would be some difficulty in enforcing the remedy." *Queen* v. *Birmingham & Gloucester Railway*, 3 Q. B. 223, 233. It is a general rule that where there is power in a court to hear and determine a case, there is also a power to issue proper process to enforce its orders. *Riggs* v. *Johnson County*, 6 Wall. 166, 187. *Collin County National Bank* v. *Hughes*, 152 Fed. Rep. 414. And the power of the court to obtain control over a corporation in either a civil or a criminal case by any appropriate process has been maintained. *United States* v. *John Kelso Co.* 86 Fed. Rep. 304. *United States* v. *Standard Oil Co.* 154 Fed. Rep. 728. See further upon this subject *United States* v. *Union Supply Co.* 215 U. S. 50; *Boston, Concord & Montreal Railroad* v. *State*, 32 N. H. 215; *Commonwealth* v. *Lehigh Valley Railroad*, 165 Penn. St. 162; *State* v. *Western North Carolina Railroad*, 89 N. C. 584; *People* v. *Jordan*, 65 Cal. 644. The general principle of these cases is that a grant of jurisdiction carries with it by implication power to use the necessary means to exercise and enforce that jurisdiction. What are the limits of that principle in such cases as the one now before us, it is not necessary here to consider. There is at least no question, either on principle or on authority, that a summons served upon its proper officers is the correct process to bring a corporation into court either upon complaint or indictment.

It is stated in the defendant's brief that the defendant declined to offer any evidence or to take part in the trial in the district court, and declined to recognize upon its appeal. R. L. c. 219, § 22. St. 1905, c. 319. These statements are not wholly borne out by the bill of exceptions or by the record transmitted to us; but we do not deem them material. The giving of the recognizance is not made by the statute a condition of the right to appeal or of the allowance of the appeal itself. The defendant appeared and was before the district court and after its appeal was before the Superior Court; and the record shows that there was a full trial and a conviction in each court.

The exceptions must be overruled.

*So ordered.*