COMMONWEALTH *vs.* JOHN T. CONNOR COMPANY.

Suffolk.    October 21, 22, 1915. — November 29, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Labor. Constitutional Law. Words,* "Labor," "Laboring," "Employed in laboring."

Statement by RUGG, C. J., of the grounds on which the constitutionality of statutes limiting the hours of labor of women has been upheld. The constitutionality of such statutes was not questioned in the present case.

The provision of St. 1913, c. 758, that "No woman shall be employed in laboring in any factory or workshop, or in any manufacturing, mercantile, mechanical establishment, telegraph office or telephone exchange, or by any express or transportation company, more than ten hours in any one day; and in no case shall the hours of labor exceed fifty-four in a week" (with exceptions not here material), applies to the employment of a woman as cashier in a grocery, admitted to be "a mercantile establishment," where the woman so employed

did no manual labor but sat in an enclosure called a "cage" and was kept busy all the time.

*Whether* bookkeepers, stenographers and those engaged in kindred service are included by the words "employed in laboring" as used in the statute and *whether* the statute is to be interpreted in the same way that it would be if the words "in laboring" had been omitted, here were referred to as questions not determined.

COMPLAINT, received and sworn to in the Municipal Court of the Charlestown District of the City of Boston on May 3, 1915, charging that the John T. Connor Company, a corporation engaged in carrying on a mercantile establishment, did employ one Elsie Finn in laboring more than ten hours in one day and more than fifty-four hours in a week, in violation of St. 1913, c. 758.

The defendant was found guilty and appealed to the Superior Court, where the case was tried before *Brown,* J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to make the following rulings:

1. Upon all the evidence the defendant should be found not guilty.

2. Elsie Finn, the employee of the defendant complained of, was not engaged "in laboring" within the meaning of St. 1913, c. 758.

3. A person engaged mainly in clerical work is not engaged "in laboring" within the meaning of the said act.

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict of guilty. The defendant alleged exceptions, and the bill of exceptions contained the following statement: "It is the intention of this bill of exceptions to raise the single question whether Elsie Finn, named in the complaint, was engaged 'in laboring' within the meaning of the statute."

*J. J. Foley,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.

RUGG, C. J. The defendant is charged with having employed Elsie Finn in laboring more than ten hours in one day and more than fifty-four hours in the week, in violation of St. 1913, c. 758. The pertinent words of that statute are: "No woman shall be employed in laboring in any factory or workshop, or in any manufacturing, mercantile, mechanical establishment, telegraph

office or telephone exchange, or by any express or transportation company, more than ten hours in any one day; and in no case shall the hours of labor exceed fifty-four in a week," with exceptions not here material.

There was evidence tending to show that the defendant employed Elsie Finn as cashier in its grocery store, admittedly "a mercantile establishment," a greater number of hours than stated in the statute. Her work consisted of making change during all the day to customers, who presented to her slips received from the salesmen together with the money in payment for the goods purchased as shown on the slip. She was confined in an enclosure during working hours, just about large enough for two persons to sit in, called a "cage." She was kept busy all the time. She did incidentally a trifling amount of bookkeeping in connection with the slips handed her. She also gave trading stamps to customers. The question to be decided is whether this evidence warranted a finding that she was "employed in laboring" within the meaning of these words in the statute.

The constitutionality of statutes limiting the hours of labor of women has been upheld, commonly on the ground that woman is under an industrial disability by reason of sex, that her physical structure and the duty of maternity place her at a disadvantage, that her strength and vitality are likely to be impaired by confining and exacting labor under adverse conditions, and that thus the public welfare is injured by affecting deleteriously the vigor of mothers and through them the virility of the race. *Commonwealth* v. *Hamilton Manuf. Co.* 120 Mass. 383, decided in 1876. *Commonwealth* v. *Riley,* 210 Mass. 387. *Muller* v. *Oregon,* 208 U. S. 412, 421. This reasoning applies quite as strongly where the labor is not purely physical but is also mental.

The words "labor" or "laboring" have no hard and fast meaning. They are of comprehensive scope and may be equally descriptive of that done by those who toil exclusively with their brains as well as by those who perform the roughest and least intellectual kind of manual work. *Mitchell* v. *Packard,* 168 Mass. 467.

The point is to ascertain the meaning of the Legislature when it used the words of this statute. They first occur in St. 1842, c. 60, § 3, which enacted that "no child under the age of twelve

years shall be employed in laboring in any manufacturing establishment more than ten hours in any one day." If attention be fixed solely on the history of these words in all the intervening statutes, there is much strength in the contention urged in behalf of the defendant, that the words "in laboring" so qualify the word "employed" as to exclude from the operation of the statute all those who are not engaged in work demanding physical effort, muscular strength and manual exertion. But the changes in the statute wrought by the additions made in the revision of the section in 1913 are significant of a relaxation of the limiting force of the words "in laboring." There then was included for the first time within the inhibition of the statute women employed in telegraph offices and telephone exchanges and by express and transportation companies. The character of the work of women as telegraphers or telephone operators is well known. It involves intellectual alertness rather than manual labor, although in a certain sense both are combined. It does not differ in its essential character from that performed by Elsie Finn for the defendant. The degree of weariness and confinement is as great in her case as in theirs. The evil at which the statute appears to be aimed is as imminent in the one case as in the others. Applying to the interpretation of this statute as now phrased the established canon of statutory construction that the scope of doubtful words may be ascertained by reference to the operation of other associated words, it seems to follow that a woman engaged in the work performed by Elsie Finn for the defendant is as much "employed in laboring" as is a telegrapher or an operator in a telephone exchange.

We reach this conclusion for the reasons stated, notwithstanding the numerous statutes of other States,* where generally the prohibition is against the employment of women under the forbidden conditions without limiting words resembling "in laboring" found in our statute.

It is not necessary to define explicitly the words of our statute or to determine whether they can be stretched to include bookkeepers, stenographers and those engaged in kindred service, or to say that the statute means the same as if the words "in labor-

* See Bulletin 148 of U. S. Bureau of Labor Statistics for a collection of such "Labor Laws."

ing" had been omitted. As to those engaged in these and similar pursuits, the statute is not plain and difficulties may arise in its further application.

But we are of opinion that the case at bar rightly was submitted to the jury. There was no error in denying the defendant's requests for instructions. The first two were not sound in law, and the third was not applicable to the evidence.

*Exceptions overruled.*