MOSES J. LOOK *vs.* CITY OF SPRINGFIELD & others.

Hampden.    September 19, 1935. — November 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Municipal Corporations*, Security for public work.  *Words*, "Labor."

Work done by an employee of a corporation in engineering and in acting as its managing business executive in connection with the construction of a public work for a city was not "labor" within G. L. (Ter. Ed.) c. 149, § 29; work done by him in superintending the job was such "labor."

An employee of a contractor constructing a public work for a city was not entitled to the benefit of G. L. (Ter. Ed.) c. 149, § 29, to obtain payment for work done by him on the job which was "labor" within the statute, if he also did work on the job which was not such "labor" and all his work was done under an entire contract for an entire salary.

BILL IN EQUITY, filed in the Superior Court on April 4, 1930.

A decree overruling the demurrer of the defendant surety

companies was entered by order of *F. T. Hammond,* J., and by order of *Broadhurst,* J., there were entered a decree confirming a master's report and the final decree described in the opinion. The defendant surety companies appealed.

*G. A. Bacon,* for the defendant surety companies.

*J. P. Kirby,* for the plaintiff, submitted a brief.

Lummus, J. This is a bill in equity by one claiming the benefit of statutory security taken under G. L. (Ter. Ed.) c. 149, § 29, to obtain payment of his claim against Winston & Company, Incorporated, the contractor, for labor performed in the construction of water works for the defendant city. The security was in the form of a bond with two surety companies as sureties.

The plaintiff was an unsalaried vice-president of the contractor, and signed in its behalf the contract, dated August 6, 1928, under which the work was done. He was also the principal engineer of the contractor, and superintended the work. See *Emery's Case,* 271 Mass. 46, 48. For several years prior to the work in question the plaintiff had worked for the contractor at a salary of $1,000 a month, plus expenses, and plus a commission on the price of certain work done by the contractor which did not include the work on the job in question. The salary was due without regard to the amount or character of work done. This arrangement continued until the employment ceased on March 21, 1930. At that time he was owed, and still is owed, $6,677.42 for salary and $4,038.62 for travelling and living expenses incidental to his work. This was earned while working on the job in question, but during the same time he performed services on a job at Albany fairly worth $500, which sum was omitted in arriving at the foregoing amount of $6,677.42. His work on the job in question required not only the exercise of skill as an engineer, but also the purchase of material, the hiring of labor, the making of subcontracts, and "climbing around through very rough country" in directing, superintending and inspecting the work.

The Superior Court entered a decree, establishing the amount owed the plaintiff as $10,716.04, plus interest and

costs, and ordering payment by the contractor and the sureties. The sureties appealed.

The statute cited, so far as it applies to this case, gives a remedy only to obtain "payment . . . for labor performed" in the "construction" of the water works. It is true that the word "labor" does not connote a laborer in the ordinary sense, but includes the work of a skilled superintendent. *Mitchell* v. *Packard,* 168 Mass. 467. *Libbey* v. *Tidden,* 192 Mass. 175, 193. *Commonwealth* v. *John T. Connor Co.* 222 Mass. 299, 301. Compare *Crowell* v. *Cape Cod Ship Canal Co.* 168 Mass. 157, 163; 60 Am. L. R. 1257. We need not consider whether the remedy is defeated by the facts that the plaintiff's salary covered work done on the Albany job, and that neither the contract nor the statute provided any means of apportionment. *Angier* v. *Bay State Distilling Co.* 178 Mass. 163, 166, 171. *Loonie* v. *Wilson,* 233 Mass. 420, 427, 428. We think that part of the work done by the plaintiff, in engineering and in acting as the managing business executive of the contractor with reference to this job, was not within the statute. See *Mitchell* v. *Packard,* 168 Mass. 467. Since all his work was done under an entire contract for an entire salary, no apportionment can be made in the absence of statute so as to afford him the statutory remedy for the superintendence alone. *Libbey* v. *Tidden,* 192 Mass. 175, 193. *Loonie* v. *Wilson,* 233 Mass. 420, 427, 428.

Since the plaintiff's case fails on the merits, we need not consider the demurrers of the sureties nor their exceptions to the master's report. The interlocutory decrees may be affirmed. The final decree should be modified by confining the relief given to the ordering of payment by Winston & Company, Incorporated, with costs. *Darling-Singer Lumber Co.* v. *Commonwealth,* 290 Mass. 488, 489. As against the other defendants, the bill should be dismissed with costs.

*Ordered accordingly.*