LOTTIE C. BROUSSARD *vs.* LEONARD F. MELONG & another.

Norfolk.    March 1, 1948. — April 1, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* Validity, Of employment.    *Labor and Labor Union.    Woman.*

The provisions of § 56 of G. L. (Ter. Ed.) c. 149, prohibiting employment
of women in mercantile establishments more than nine hours in any
day or forty-eight hours in any week, and of § 57 imposing a penalty
on one who "employs" in violation of § 56, did not preclude a woman
employee from maintaining an action against her employer to enforce a
contract for pay for overtime beyond the hours specified in § 56.

CONTRACT.    Writ in the District Court of East Norfolk
dated March 26, 1946.

The action was heard by *Mulhall,* J.

*M. H. Kramer,* for the defendants.

*D. E. Smart,* for the plaintiff.

WILLIAMS, J.    This is an action of contract to recover
the value of personal services, brought in the District Court
of East Norfolk.    After a finding for the plaintiff, questions
of law raised by the denial of the defendants' requests 1, 2,
3 and 4 were reported to the Appellate Division.    From
findings of fact made by the judge it appears that the plaintiff
was employed by the defendants to work as a cook in a
diner at a wage of ninety-four cents per hour for an eight
hour day, six days a week.    Without the mention of any
rate of pay, she was told by the defendants that she would
be paid for overtime.    She worked thirty-six ten hour days
and was paid ninety-four cents per hour.    This action is to
recover overtime pay for seventy-two hours.    The judge
stated that in finding the amount of damages he took
judicial notice of the compensation commonly paid for
overtime in the vicinity of the employment.

The defendants have appealed from an order of the
Appellate Division dismissing the report.

Requests 1 and 2 in substance ask for rulings that, as
matter of law, the plaintiff is not entitled to recover.    Re-

quests 3 and 4 seek rulings to the effect that the plaintiff is bound by the provisions of G. L. (Ter. Ed.) c. 149, § 56, and, if she contracted to be employed more than forty-eight hours in any one week, or for more than nine hours in any one day, that she is not entitled to recover for overtime wages.

The pertinent language of G. L. (Ter. Ed.) c. 149, § 56, as amended, is: "No . . . woman shall be employed or permitted to work in, or in connection with, any . . . mercantile . . . establishment . . . more than nine hours in any one day . . .; and in no case shall the hours of labor exceed forty-eight in a week . . .." By § 57, a penalty is imposed on anyone who employs any person in violation of § 56. The purpose of the statute is protection of the health of women. *Commonwealth* v. *Hamilton Manuf. Co.* 120 Mass. 383. *Commonwealth* v. *Riley*, 210 Mass. 387, affirmed, *Riley* v. *Massachusetts*, 232 U. S. 671. *Commonwealth* v. *John T. Connor Co.* 222 Mass. 299.

In *Bowditch* v. *New England Mutual Life Ins. Co.* 141 Mass. 292, Morton, C. J., said, "It is a rule universally accepted, that, if a statute prohibits a contract in the sense of making it unlawful for any one to enter into it, such a contract, if made, is wholly void, and cannot be enforced. . . . Each statute must be judged by itself as a whole, regard being had not only to its language, but to the objects and purposes for which it was enacted. If the statute does not declare a contract made in violation of it to be void, and if it is not necessary to hold the contract void in order to accomplish the purposes of the statute, the inference is that it was intended to be directory, and not prohibitory of the contract" (pages 293, 295).

In *Huey* v. *Passarelli*, 267 Mass. 578, 581, the court quoted from *Harris* v. *Runnels*, 12 How. 79, at page 84, "It is true that a statute, containing a prohibition and a penalty, makes the act which it punishes unlawful, and the same may be implied from a penalty without a prohibition; but it does not follow that the unlawfulness of the act was meant by the legislature to avoid a contract made in contravention of it."

In *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, an action for personal injuries by a boy under fourteen employed by the defendant in violation of a statute, recovery by the plaintiff was permitted, the court saying at page 495, "Nor was the plaintiff while at work acting in violation of law. . . . The only person subjected to punishment under St. 1906, c. 499, § 1 [the statute in question], is one who 'employs' or 'procures or, having under his control a minor under such age, permits such minor to be employed.' This language as well as the general purpose of the statute excludes the idea that the minor himself is included."

The statute under consideration in the present case does not declare that a contract made in violation of it shall be void. It was enacted for the protection of a class of which the plaintiff is a member. No provision penalizes her for working as many hours as she wishes. The only prohibition is against the defendants, the employers. The plaintiff is not in pari delicto with them. Assertion by them of the illegality of their acts cannot prevent her from recovering the fair value of her services. *Kneeland* v. *Emerton*, 280 Mass. 371, 378, and cases cited. There was no error in the disposal of the defendants' requests. Requests 3 and 4 were denied by the trial judge on the ground that the "question of illegality should have been raised by way of answer." Inasmuch as the defendants' defence of illegality fails, it is unnecessary for us to consider this question of pleading.

The further contention of the defendants that the judge was in error in taking judicial notice of the rate of overtime pay is not before us as it has not been included in the report. Rules 27 and 28 of the District Courts (1940).

*Order dismissing report affirmed.*