*Northern District*

No. 8065

**WILLIAM M. TRANFAGLIA, TRUSTEE FOR MICHAEL J. TRANFAGLIA**

**v.**

**SECURITY NATIONAL BANK, FORMERLY KNOWN AS SECURITY TRUST COMPANY**

Argued: June 14, 1973 - Decided: Dec. 14, 1973

Case tried to *Woods, J.* in the District Court of Southern Essex. Date of finding or decision appealed from April 13, 1972. Docket number 2106 of 1971.

*Present:* Cowdrey, P.J., Bacigalupo & Forte, JJ.

**Forte, J.** This is an action in contract for money had and received, in the sum of $451.86 together with interest from April 1, 1971.

The answer is a general denial, an allegation of payment and an allegation that the action was not commenced within the period allowed by law.

The case was presented on an agreed statement of facts,* as follows:

"On October 26, 1962 the plaintiff, William M. Tranfaglia opened an account in the defendant Bank as trustee for Michael, his one year old son. On that date and on several subsequent dates, William M. Tranfaglia deposited money in this account. At no time did William M. Tranfaglia ever withdraw any interest or principal from this account.

"When the account was opened the signature card had the following statement

---

* This by itself was not an agreement as to all the material ultimate facts on which the rights of the parties were to be determined by the law but it was an agreement as to the evidence which should be considered by the trial justice. *Frati* v. *Jannini*, 226 Mass. 430, 431.

immediately above the signature: 'Statement of Trustee: There is no written instrument of trust in existence with respect to this account'.

"It is stipulated that William M. Tranfaglia had at all times the bank book in his possession. It is also stipulated that Mr. Tranfaglia would testify that his intent in opening this account was to create a trust for his son so that money would be available to his son for his (his son's) education. It is also stipulated that on April 1, 1971 a request in writing was made to the defendant to give to the plaintiff the sum of $451.86 together with interest thereon. It is further stipulated that the defendant did not comply with this request. It is agreed that if a judgment is rendered for the plaintiff that it would be in the principal amount of $451.86, (the plaintiff is also asking for interest from the date of demand to wit— April 1, 1971).

"On March 6, 1968 an execution was issued against William M. Tranfaglia individually. When this execution was presented to the defendant bank, the bank took $451.86 from the account of William M. Tranfaglia as Trustee for Michael J. Tranfaglia and paid this amount to the sheriff. This was done without the permission of William M. Tranfaglia Trustee."

The report states it contains all the evidence material to the question reported.

The trial judge made "a special finding" which reads:

> "Upon agreed facts, the plaintiff in 1962 opened an account in the defendant bank. The account was in the name of William Tranfaglia, Trustee for Michael J. Tranfaglia. There were no withdrawals from the account by the plaintiff.

> "Subsequently, a Deputy Sheriff presented an execution, against the plaintiff, to the bank and the bank paid over the money in the account.

> "It was further agreed that if the plaintiff testified he would testify that the account was set up for his son.

> "The parties offered the execution whereby the money was taken, the signature card for the account and the bank book.

> "The signature card has the following statement immediately above the signature: 'Statement of Trustee: There is no written instrument of trust in existence with respect to this Account.'

> "The Court finds that the informal voluntary transaction created a savings bank trust or tentative trust."

The court then found no trust was created and found for the defendant.

The plaintiff claims to be aggrieved by some of the judge's rulings on requests for rulings,

by a statement following a ruling, and by the judge's finding for the defendant.

Although the defendant, both in his brief and oral argument, relies on facts not contained in the report, we, as the Appellate Division, are confined to the facts contained in the report, and cannot consider matters not contained therein. *Broussard* v. *Melong,* 322 Mass. 560; *Sullivan* v. *Aussebel,* 39 Mass. App. Dec. 222.

The appeal must be considered on the record as presented and statements of evidence contained in briefs which are not in the record cannot be considered. *Silva, Adm.* v. *Pereira,* 1973 Mass. App. Adv. Sh. 439; *Sarkesian* v. *Cedric Chase Photographic Laboratories,* 324 Mass. 620.

Although the trial judge stated in his special finding, "the parties offered the execution whereby the money was paid, the signature card for the account and the bank book.", there is nothing in the report that these documents were ever introduced as exhibits, nor, except as described in "agreed statement of facts", does there appear any description of their wording. Findings cannot supply evidence the report lacks. *Pettinella* v. *Worcester,* 39 Mass. App. Dec. 7.

Although a general denial puts into issue all the facts necessary to be proved by the plaintiff in order to make out a prima facie case, *Davis* v. *Travis,* 98 Mass. 222, *McRae* v.

*N. Y., N. H. & H. RR*, 199 Mass. 418, yet G.L. c. 231, §30 requires that

> "If it is alleged in any civil action or proceeding that a party is a (n). . . trustee . . ., such allegation shall be admitted unless the party controverting it files in court, within the time allowed for the answer thereto, or within ten days after the filing of the paper containing such allegation, or within such further time as the court may allow on motion and notice, a special demand for it's proof."

The defendant, not having specially denied, nor having made a special demand for proof of the plaintiff's allegation that he is a trustee for Michael J. Tranfaglia, has admitted the allegation and therefore cannot challenge it. *Swartz* v. *Abbott Motors, Inc.*, 344 Mass. 28; *Granstein* v. *Boston & Maine RR*, 304 Mass. 23.

The statement of agreed facts, read with the admission that William M. Tranfaglia is trustee for Michael J. Tranfaglia, now contains all the material ultimate facts upon which the rights of the parties are to be determined by law and therefore is treated as a "case stated". *Frati* v. *Jannini*, 226 Mass. 430; *Kennedy* v. *B. A. Gardetto, Inc.*, 306 Mass. 212.

"It was the duty of the judge to order the correct judgment upon the case stated". *Associates Discount Corp.* v. *Gilleneau*, 322 Mass. 490, 491. The conclusions of the trial

judge based upon the facts stated and the inferences therefrom are not binding on the Appellate Division and questions of fact as well as law are open for review upon an appeal. *Caissie* v. *City of Cambridge,* 317 Mass. 346; *Hayes* v. *Lumbermans Mutual Casualty,* 310 Mass. 81.

As a "case stated" the requests for rulings even though denied have no standing. *Howland* v. *Stowe,* 290 Mass. 142; *Antoun* v. *Comm.,* 303 Mass. 80; *Redden* v. *Ramsey,* 309 Mass. 225.

█ The issue is whether a depository bank is liable to a trust for paying out of the trust res funds to satisfy the debts of an individual who is also the named trustee.

Since the individual Tranfaglia and the trustee Tranfaglia are separate legal entities and since the trust is not liable for the private debts of the trustee, *Lerow* v. *Wilmarth,* 9 Allen 382; *Stratton* v. *Edwards,* 174 Mass. 374; the bank was in error and is liable to the extent it disbursed trust funds to Tranfaglia's creditor.

Therefore the finding appealed from is vacated and a finding for the plaintiff is to be entered in the amount of $451.86 plus interest from date of demand, to wit: April 1, 1971.

GERALD GOODSTEIN of Lynn
   for Plaintiff
ROBERT B. STIMPSON of Lynn
   for Defendant