*Northern District*

No. 8356

## ROGER BOUDREAU, ppa

### v.

## AETNA LIFE AND CASUALTY COMPANY

Argued: June 19, 1975. Decided: September 25, 1975.

Case tried to *Cullen, J.,* in the Fourth District Court of Eastern Middlesex. Number: 1020 of 1974.

Present: Flynn, J., (Presiding), Forte, J.

**Forte, J.** This is an action in contract to recover under Coverage "D" (Automobile Medical Payments) of a Massachusetts motor vehicle insurance policy on a Massachusetts motor vehicle owned by the minor plaintiff's father for reimbursement of medical expenses incurred as a result of injuries sustained by the plaintiff, who was struck and seriously injured by a motor vehicle on July 3, 1973, while said minor was riding a bicycle.

The answer of the defendant is a general denial, full payment, part payment, failure to comply with the terms of the policy, failure to give notice of loss and statute of limitation.

*At the trial there was evidence tending to show that:*
The plaintiff suffered personal injuries when he was struck by a motor vehicle owned and operated by one Voner in the Commonwealth of Massachusetts. At the time of the collision Voner was a resident of the Commonwealth and his motor vehicle was insured in Massachusetts by Liberty Mutual Insurance Company. As a result of the collision, the plaintiff incurred medical expenses in excess of $4,000.00. Further, there was evidence tending to show that the plaintiff recovered personal injury protection benefits in the form of medical expenses in the amount of $2,000.00 from said Voner's insurer; namely, Liberty Mutual Insurance Company.

The defendant issued a single Massachusetts Motor Vehicle Combination Policy to the plaintiff's father for the calendar year 1973 covering his two motor vehicles. The policy included Coverage "D" (Automobile Medical Payments) with a limit of $1,000.00 for which a separate charge was paid for each of the two vehicles.

The defendant paid $1,000.00 under Coverage "D" of the policy which payment it contends is full payment under the medical payment provision of the policy.

The defendant stipulated there is no dispute with respect to notice and the fair and reasonableness of the medical expenses under the terms of the policy.

At the close of the evidence and before the final arguments the defendant filed the following requests for rulings:

1. There is no evidence to warrant a finding for the plaintiff.

2. There is evidence to warrant a finding for the defendant.

3. The defendant's liability under Coverage "D" is limited by Conditions to Part I, item 4 entitled "Limit of Liability" to $1,000.00 under the policy of insurance irrespective of the number of vehicles insured which amount the defendant has paid to the plaintiff, therefore, the plaintiff cannot recover.

Request No. 2 was allowed and No. 1 and No. 3 were denied.

The trial justice entered a finding for the plaintiff and filed the following findings of fact:

"The defendants issuance of one policy of insurance to cover two (2) motor vehicles was purely a device whereby it saved additional administrative work. The premiums on said vehicles were the same as would have been paid had the company issued separate policies. A separate premium was charged for 'Automobile Medical Payments' to each vehicle. (1963 Chevrolet - 1972 Ford).

"The claimant (son of the insured) in this case was not an occupant of either vehicle. His medical expenses exceeded five thousand dollars. He has received a total of three thousand dollars, two thousand of which came from the tortfeasor's coverage. The remainder from policy in question, as said policy applies to the 1969 vehicle.

"The defendant's total liability under Coverage D whereas in this case the reasonable medical bills exceeded the coverage, is in the sum of two thousand ($2,000.00) dollars. The defendant owes the plaintiff one thousand ($1,000.00) dollars under Coverage D, as it applies to the 1972 Ford."

The defendant claims to be aggrieved by the trial judge's denial of defendant's request #1 and #3, and by findings of fact allegedly unsupported by the reported evidence.

The justice's report states it contains all the evidence material to the questions presented.

There was error.

Both requests for rulings raise the same issue: the limit of medical payment coverage for one injured person where multiple vehicles are insured under one policy. Stated differently, under Coverage "D" for one jured person is the insurer's liability exposure the stated amount of the policy or is it multiplied by the number of vehicles insured by said policy?

Coverage "D" (Automobile Medical Payments) — is a non-complsory coverage authorized by G.L. c. 175, §111C and is within Part 1 of the policy in question.

The defendant agrees that the plaintiff is an "insured" for purposes of Coverage "D".

Before examining the policy itself, we must look at the reported evidence to determine whether there is any evidence to support the questioned finding of facts.

_First, there is no evidence concerning three motor vehicles as mentioned in the findings of fact—a 1963, a 1969, and a 1972 vehicle.

Secondly, there is no reported evidence to support a finding that the insurer's issuance of one policy "was purely a device whereby it saved additional adminis-

trative work". Although there was evidence that a separate premium was paid for each of two vehicles, there was no evidence reported that the paid premiums would have been the same if two separate policies were issued rather than one policy. Nor do we find any evidence reported that the $1,000.00 paid by the defendant to the plaintiff was applied to a 1969 vehicle as distinguished from the 1972 vehicle.

Although Rule 28 of the Rules of the District Courts (1965) and the model report included therein require both (1) a summary of the essential evidence and (2) the justice's findings of facts, some evidence may be included within the justice's findings of fact. *Olofson v. Kilgallon,* Adv. Sh. (1973) p. 85. However, unlike the report in *Olofson v. Kilgallon,* the findings of fact do not purport to be themselves evidence and that the justice did not intend his findings to be both a summary of the evidence and findings of fact. In view of the statement that "(t)his report contains all the evidence material to the question presented" "we are not at liberty to assume that there was any evidence more favorable to the plaintiff than that which is contained in the report." *Buckley v. Railway Express Agency, Inc.,* 323 Mass. 448, 451 (1948). We therefore treat the policy as one policy insuring two vehicles.

To answer the issue raised, we must examine the policy itself.

Section 6, entitled: "Two or More Vehicles", of "Conditions Applicable to Part 1" states that "when two or more vehicles are insured hereunder, the terms of this policy shall apply separately" to each vehicle for coverages B, E, F-1, F-2, I, division 1 of coverage

A and C, and division 2 of coverage C. Coverage "D" was not so listed in said section 6.

However, Section 4 of "Conditions Applicable to Part 1", reads as follows:

"Limit of Liability — Coverage D — Regardless of the number of . . . (4) motor vehicles to which this policy applies, the Company's limit of liability for automobile medical payments stated in the declarations as applicable to 'each person' is the limit of the Company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as a result of any one accident."

The "declarations" referred to in the above quoted part of the policy is not contained in the report. Although the defendant attempted to add this declaration to the report at oral arguments, the Apellate Division cannot consider matters not contained in the report to which no assent of the reporting judge appears. *Staples v. Collins*, 321 Mass. 449 (1947). *Broussard v. Melong*, 322 Mass. 560 (1948). However, the judge did report that evidence was introduced whereby the policy limit for coverage "D" was $1,000.00.

Therefore, the limitation of $1,000.00 for Coverage "D" in this policy is the limit per person per accident, and this limit is not multiplied by the number of vehicles insured. See *Hilton v. Citizens' Insurance Co. of N.J.*, 201 So. 2nd 904 (1967); *Hurles v. Republic Franklin Ins. Co.*, 39 Ohio App. 2d 118 (1973).

Because the plaintiff has already been paid $1,000.00 by the defendant, as found by the trial judge, we vacate the finding for the plaintiff, and **order a finding for the defendant to be entered.**