This certifies that this is the opinion of the Appellate Division in this cause.
**Patricia D. Minotti, Clerk**

**Linda JASON**
vs.
**Cecilia JACOBSON and S.R.G. TRUST**
**No. 8641**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

**October 16, 1981**

Howard S. Ross, Esq., counsel for plaintiff
James M. Kickham, Esq., counsel for defendant

## OPINION

**FORTE, J.** This is an action commenced on July 13, 1978 pursuant to G.L. c. 186, §.15B, wherein it is alleged the landlord did not return a security deposit timely and therefore the plaintiff is entitled to damaged in the amount of twice the amount of the withheld security deposit. On January 24, 1979, by stipulation, an amended complaint was filed wherein the plaintiff seeks damages in an amount equal to three times the amount of such security deposit plus interest, costs and reasonable attorney's fee. The trial was conducted on May 9, 1979, and on July 7, 1979 the trial judge awarded damages measured by three times the unreturned security deposit plus an attorney's fee and $200 costs.

St. 1977, c. 979, § 1 rewrote G.L. c. 186 § 15, was approved on January 11, 1978, and according to its §4 became effective on September 1, 1978. One effect of St. 1977, c. 979, § 1 changed the measurement of damages from twice the amount of the unreturned security deposit to three times and added recovery for reasonable attorney's fee. Section 4 of St. 1977, c. 979 further states the amendment "shall apply to all security deposits held by a lessor on said date",

to wit: September 1, 1978.

There is no need to recite all the evidence adduced at trial.[1] It is sufficient to state the plaintiff leased an apartment from the defendant and gave a security deposit of $450. After the premises were vacated on April 30, 1978, the defendant offered by letter dated May 25, 1978 a partial return of the security deposit.[2] At no time has the security deposit or any part thereof been returned, nor has an itemized list of permissible deductions been furnished the tenants.

At the close of the evidence, the defendant filed six requests for rulings, all denied by the trial judge, which raise two issues;

1. Which statute applies to this action, G.L. c. 186, § 15B as it existed at the commencement of the action, or as amended by St. 1977, c. 979, effective date after commencement but before trial?

2. Is a landlord entitled to retain the security deposit if any justiciable controversy existed between the parties as to the amount of authorized deductions?

The trial judge rules the newer amendment applied and that a landlord is not entitled to withhold the security deposit if a controversy exists.

There was no error.

"The amended complaint relates back to the time of the original complaint." Dist./Mun. Cts. R. Civ. P. 15(c); McSorely v. Hancock, Mass. App. Ct. Adv. Sh. 601, 608. At that time the statute only authorized damages twice the security deposit.

However, if the amended statute relates to procedure and not to substantive rights, it will apply to cases pending at the time it became effective. Martell v. Moffat, 276 Mass. 174 (1931). The same for statutes that are remedial in nature. City Council of Waltham v. Vinciullo, 364 Mass. 624 (1974).

If a statute relates to substantive rights of the parties, it does not apply to pending actions. Hanscom v. Malden & Melrose Gas Light Co., 220 Mass. 1 (1934).

In an action where during the pendency of suit, damages were charged from double damages to single damages, it was held this was a substantive change - that because the rights and liabilities of the parties had vested, the statutory change in damages during pendency of the suit did not apply to said action. Cudlassi v. MacFarland, 304 Mass. 612 (1939).

We interpret the statutory language of §4 of St. 1977, c. 979 "shall apply to all security deposits held on said date" to mean held properly such as under tenancies still in existence on the effective date and not to funds held contrary to G.L. c. 186, § 15B after a tenancy has terminated by the effective date of the statute.

As to the second issue, neither form of c. 186, §15 authorizes withholding of the security deposit if a controversy exists over part of said sum. Both forms require the landlord to provide the tenant with an itemized list of damages and to return the balance after these deductions to the tenant within 30 days after tenancy termination.

The finding for the plaintiff is vacated and the matter is returned for a new trial.

Elliott T. Cowdrey, P.J.
John P. Forte, J.
Richard L. Banks, J.

[1] It should be noted the report does not contain a required statement that the report contains all the evidence material to the question presented. Dist./Mun. Cts. R. Civ. P. 64(c)(2). Comfort Air Systems, Inc. v. Cacopardo, 370 Mass. 255 (1976).

[2] Although the report refers to fifteen trial exhibits, such as the lease and the letter of May 25, 1978, none of the exhibits was fully described in the report or made part of the report, therefore the contents of said exhibits were not before the Appellate Division. Tranfaglia, Tr. v. Security National Bank, 53 Mass. App. Dec. 25 (1973)